Shueb A.A.,

        Petitioner,

v.

Kristi Noem, *Secretary, U.S. Department of Homeland Security; Department of Homeland Security, in her official capacity*, et al.

        Respondents.

Case No. 26-cv-1127 (MJD/DJF)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Respondents Kristi Noem, Todd M. Lyons, and David Easterwood's *Motion to Dismiss or Transfer* (ECF No. 6) ("Motion").[1] The Motion asks the Court to dismiss Petitioner Shueb A.A.'s petition for a writ of habeas corpus (ECF No. 1) ("Petition") or, in the alternative, transfer this action to the Western District of Oklahoma, on the ground that federal agents detained Shueb in Oklahoma on January 12 and he has been detained there ever since. (ECF No. 6.) For the reasons given below, the Court recommends granting the Motion in part and transferring this matter to the Western District of Oklahoma.

Shueb is a citizen of Somalia who entered the United States to seek asylum and was detained on or about December 8, 2022. (ECF No. 2 at 2.) Shortly thereafter, immigration officials released him on his own recognize under 8 U.S.C. § 1226. (*Id.*) Shueb timely filed an application for asylum on April 17, 2023, which remains pending. (*Id.*) The federal government granted Shueb a work permit. (*Id.*) Shueb has no criminal history and has never missed an immigration hearing. (*Id.*) Notwithstanding Shueb's compliance with the laws of this country and his pending asylum

---

[1] Respondents are various federal officials responsible for enforcing the nation's immigration laws. The Motion names Pamela Bondi as a movant, but she is not a party to this suit. (*See* ECF

application, Immigration and Customs Enforcement ("ICE") arrested him on January 12, 2026. (*Id.* at 3; ECF No. 6-1.) Since that time, he has been confined at the Cimmaron Detention Facility in Cushing, Oklahoma. (ECF No. 1 at 3; ECF No. 6-1.) Shueb filed his Petition on February 6, 2026 seeking his immediate release, or in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226. (ECF No. 1 at 24.)

A habeas petition usually must be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). This rule is intended to prevent parties from engaging in forum shopping. *Id.* at 447. There is an exception to this rule: When a petitioner is arrested in one district and then swiftly moved to another without notice, the district of his initial detention may retain jurisdiction to discourage the government from engaging in forum shopping and limiting the petitioner's access to counsel. *See id.* at 450 n.18 (Kennedy, J., concurring); *Tah L. v. Trump*, No. 26-cv-171 (MJD/SGE), 2026 WL 184524, at *3-4 (D. Minn. Jan. 19, 2026), *report and recommendation adopted as modified sub nom.*, *Lah v. Bondi*, 2026 WL 184529, at *1 (D. Minn. Jan. 23, 2026); *Ozturk v. Hyde*, 136 F.4th 382, 392 (2d Cir. 2025); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000). That exception does not apply to this case, however.

Shueb asserted in his Petition that he was arrested in Minnesota. (ECF No. 1 at 3.) Respondents disputed that assertion, however, stating instead that he was arrested in Oklahoma. (ECF No. 6 at 1.) As evidence, they produced an I-830 "Notice to EOIR: Alien Address," which notified the Executive Office of Immigration Review ("EOIR") in Minnesota that ICE detained Petitioner on January 12, 2026 and kept him in custody at the Cimarron Correctional Facility in Cushing, Oklahoma. (ECF No. 6-1.) They also produced an administrative arrest warrant stating the warrant was served on January 12, 2026 in Tulsa, Oklahoma. (ECF No. 6 at 1 n.1; ECF No. 6-1.) In

No. 2 at 1.)

response, Petitioner now concedes this case should be transferred to Oklahoma. (ECF No. 8.)

Based on the foregoing, the Court concludes that it lacks jurisdiction to resolve the Petition and accordingly recommends that this matter be transferred to the Western District of Oklahoma.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Respondents Kristi Noem, Todd M. Lyons, and David Easterwood's *Motion to Dismiss or Transfer* (ECF No. 6) be **GRANTED IN PART**; and

2. The Clerk of Court be directed to transfer this case to the Western District of Oklahoma.

Dated: February 17, 2026
　　　　　　　　　　　　　　　　　　　　*s/ Dulce J. Foster*
　　　　　　　　　　　　　　　　　　　　Dulce J. Foster
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).